UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KALON GARRISON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 4:23-CV-1521 PLC |
| | ) |
| JPMORGAN CHASE, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the application of self-represented plaintiff Kalon Garrison for leave to commence this civil action without prepayment of the required filing fee. ECF No. 2. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and waive the filing fee. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2).

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible

claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules in order to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

On November 28, 2023, plaintiff filed this action on a "Civil Complaint" form against defendant JPMorgan Chase. ECF No. 1. Under the "Basis for Jurisdiction" section of the complaint, plaintiff indicates he is bringing this action pursuant to the "Equal Credit Opportunity Act" and the "Consumer Protection Act." *Id.* at 3.

In the section provided for plaintiff to present his "Statement of Claim," he alleges the following in its entirety:

1) My Rights were violated due to me financing a vehicle

2

2) October 26, 2023

3) Frank Leta Acura, And sended [sic] Frank Leta Acura and JPMorgan Chase a Notice of Recission letter (Consumer Credit Transaction)

4) Unlawful Discrimination, Discouraged, Consume Rights, Unfair Practices Predatory Lending

5) I am writing to express my dissatisfaction Regarding the Recent notice of Resicission [sic] letter Denying my Rights as a consumer specifically pertain[in]g to Equal Credit Opportunity Act and Truth in lending and disclo[su]res and failure to Rec[e]ive my vehicle in Accordance with a Notice of Reccision [sic] Letter.

*Id.* at 5.

For relief, plaintiff seeks "Federal Court Profes[s]ional Advice on potential claims for maximum Punitive damages," the "full amount of 1% of Bank[']s Net worth," and "violations and fines[.]" *Id.* at 5.

Attached to the complaint are several documents. The first is titled "Affidavit of Truth," in which plaintiff block quotes various sections of the Equal Credit Opportunity Act and Consumer Credit Protection Act. ECF No. 1-3. Within the document, plaintiff makes conclusory statements that JPMorgan Chase has violated these sections without providing any factual support. *Id.* Also attached are documents titled, "Affidavit of Truth Affidavit or Response for Cease and Desist," "Affidavit (Sworn Statement)," and Demand for Bill of Particulars." ECF Nos. 1-4, 1-5, 1-6. Plaintiff also includes a letter from JPMorgan Chase, dated November 6, 2023, informing him that his credit application for an automobile loan was denied because his monthly payment would be too high relative to his income, insufficient income relative to the loan amount requested, insufficient equity in the vehicle, and length of time since he established his oldest account. ECF No. 1-6 at 3-5. Finally, plaintiff includes copies of the same federal statutes as discussed above,

3

ECF No. 1-6 at 6-18, and a letter he allegedly wrote to "Chase Bank" expressing his intent to "rescind" his "consumer credit transaction," ECF No. 1-7.

## Discussion

Because plaintiff is proceeding *in forma pauperis*, the Court has reviewed his complaint under 28 U.S.C. § 1915. Based on that review, the Court has determined the complaint fails to state a claim and must be dismissed.

Plaintiff indicates he is bringing this action under the "Equal Credit Opportunity Act" and the "Consumer Protection Act." ECF No. 1 at 3. The Court assumes plaintiff is referring to the Consumer Credit Protection Act, 15 U.S.C. §§ 1601, *et seq*., ("CCPA") because he includes references to the Truth-in-Lending Act ("TILA") throughout his complaint and attachments, and Title I of the CCPA is commonly known as the TILA. *See Whitlock v. Midwest Acceptance Corp.*, 76 F.R.D. 190, 190 (E.D. Mo. 1977) ("the Consumer Credit Protection Act of 1968 . . . 15 U.S.C. §§ 1601, *et seq.* commonly known as the Truth-in-Lending Act").

The Equal Credit Opportunity Act, 15 U.S.C. § 1691, *et seq.* ("ECOA") provides:

> It shall be unlawful for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction –
>
> > (1) on the basis of race, color, religion, national origin, sex or marital status, or age (provided the applicant has the capacity to contract);
> > (2) because all or part of the applicant's income derives from any public assistance program; or
> > (3) because the applicant has in good faith exercised any right under this chapter.

15 U.S.C. § 1691(a). Thus, "[t]o establish a prima facie claim for discrimination under the ECOA, a plaintiff must demonstrate that (1) he was a member of a protected class, (2) he applied for and was qualified for a loan, (3) the loan was rejected despite his qualifications, and (4) the bank

4

continued to approve loans for applicants with similar qualifications." *Christian v. Com. Bank N.A.*, Case No. 4:14-CV-00201-AGF, 2014 WL 5420266, at *2 (E.D. Mo. Oct. 22, 2014) (citing *Rowe v. Union Planters Bank,* 289 F.3d 533, 535 (8th Cir. 2002)).

Here, plaintiff's allegations are vague and conclusory. He merely states that he is expressing "dissatisfaction . . . regarding the recent notice of resicission [sic] letter denying [his] rights as a consumer" related to "disclo[su]res and failure to receive [his] vehicle." ECF No. 1 at 5. Plaintiff does not identify which of the characteristics under 15 U.S.C. § 1691(a) was allegedly used by defendant to discriminate against him. The complaint does not provide facts to support that he is a member of a protected class, he was qualified for the credit sought, and was treated differently compared to other debtors in a similar position. While the Court must accept plaintiff's factual allegations as true, it "is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002). Thus, plaintiff has not stated a plausible ECOA claim that can withstand initial review.

Plaintiff also appears to claim that JPMorgan Chase violated his rights under the TILA, which is part of the CCPA. However, he has failed to specifically indicate in his complaint the sections of the Acts under which he is suing the defendant, and the attachments to his complaint provide no clarity. *See, e.g., Yancey v. First Bank*, 2016 WL 4126661, at *4 (W.D. Va. Aug. 2, 2016) (dismissing TILA claim when complaint failed to reference the specific section of the TILA being violated); *Robinson v. Capital One Auto Finance*, 2020 WL 8186266, at *2 (S.D. Fl. Dec. 11, 2020) (dismissing amended complaint because plaintiff failed to allege a specific provision of

5

TILA allegedly violated by defendant). It is not the Court's responsibility to sift through plaintiff's various attachments and generic citations to federal statutes to find a claim.

Further, the TILA requires that a creditor or lessor disclose to the person who is obligated on a consumer lease or a consumer credit transaction the information required under the Act. 15 U.S.C. § 1631(a). The purpose of TILA is "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit[.]" 15 U.S.C. § 1601(a). TILA mandates that certain information be "clearly and conspicuously disclosed," such as the "annual percentage rate" and "finance charge." 15 U.S.C. § 1632(a). The plaintiff here has not alleged what JPMorgan Chase failed to disclose, if anything, under the TILA. His bare-bones allegation that defendant is "denying [his] rights as a consumer" through "disclo[su]res and failure to receive [his] vehicle" is completely devoid of any factual support and does not "raise a right to relief above the speculative level." *Twombly*, 127 S. Ct. at 1965 (citations omitted). For these reasons, the Court finds the complaint does not state a plausible TILA claim under the CCPA. As a result, the Court will dismiss this case pursuant to 28 U.S.C. § 1915(e).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

                                                JOHN A. ROSS
                                                UNITED STATES DISTRICT JUDGE

Dated this 22nd day of January, 2024.